Filed 10/9/20  P. v. Benson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089862 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2004-0009550, SF093367B) |
| v. | |
| JIMMY LEE BENSON, | |
| Defendant and Appellant. | |

Defendant Jimmy Lee Benson appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred by summarily denying his petition after determining he failed to establish a prima facie case under the provisions of the statute.  He argues the trial court must appoint counsel and allow the petition to proceed for full consideration on its merits.  We

---

[1]  Undesignated statutory references are to the Penal Code.

agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

## BACKGROUND

### A.     *Defendant's Case*

In 2007 a jury found defendant guilty of one count of first degree murder (§ 187), three counts of attempted willful murder (§§ 664, 187), and one count of participation in a criminal street gang (§ 186.22, subd. (a)).  The jury also found true a special circumstances allegation that the murder was committed while actively participating in a criminal street gang (§ 190.2, subd. (a)(22)), as well as firearm enhancement allegations (§ 12022.53) and criminal street gang enhancement allegations (§ 186.22, subd. (b)(1)) as to the murder and attempted murder offenses.  The trial court sentenced defendant to life in prison without the possibility of parole, plus four indeterminate terms of 25 years to life, plus a determinate term of 42 years four months.  On appeal, we affirmed the convictions, but identified sentencing errors.  (*People v. Benson* (Jan. 7, 2010, C055253) [nonpub. opn.] (*Benson*).)  Ultimately, defendant received an aggregate sentence of 124 years four months to life, plus life without the possibility of parole.

In our opinion, we laid out the evidence introduced at trial.  In brief, defendant and several gang members went to a birthday party that had rival gang members in attendance.  After the party began to break up, party attendees, including groups of gang members, congregated in the street.  Defendant and his friends had guns and fired at the homeowner and rival gang members.  Four people were hit by bullets, and one person died.  Defendant claimed he only fired in the air to scare people.  (*Benson, supra*, C055253 [at pp. 3-7].)

We described the prosecution's theory at trial as follows:  "The prosecution pursued a theory of guilt premised on aider and abettor liability.  As explained to the jury, defendant was a member of the North Side Gangster Crips gang.  He and his fellow gang members felt disrespected by the presence of a rival gang in their neighborhood.  They

2

attended the party armed with guns, and the outcome was predictable. The prosecution conceded that no one likely intended to kill the eventual homicide victim; the deadly shots were directed at rival gang members who were yelling gang epithets, not the innocent bystanders who got in the way. The prosecutor argued that defendant encouraged his fellow gang members through words and by participating in the gunfire; he thus was guilty as an aider and abettor." (*Benson, supra*, C055253 [at p. 3].) Later in the opinion, we further explained: "The prosecution tried defendant for first degree murder on the theory that he aided and abetted others in shooting guns in a grossly negligent manner, and as a natural and probable consequence, murder and attempted murder resulted." (*Id.* [at p. 50].)

The trial court instructed the jury on principles of aiding and abetting intended crimes as well as the natural and probable consequences doctrine. Under that doctrine, " ' "[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) " 'Because the nontarget offense is unintended, the mens rea of the aider and abettor with respect to that offense is irrelevant and culpability is imposed simply because a reasonable person could have foreseen the commission of the nontarget crime.' " (*Id*. at p. 164.) The jury instructions provided by the court permitted a murder conviction under the natural and probable consequences doctrine with assault with a firearm or shooting a firearm in a grossly negligent manner as the target crimes. The trial court also read an instruction on the degrees of murder, which explained that defendant "has been prosecuted for first degree murder under the theory of aider and abettor only."

### B.    *Senate Bill No. 1437*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and

probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish this, the bill amended section 189 to limit liability under the felony-murder doctrine and, as relevant here, amended section 188 to provide:  "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, §§ 2-3.)  "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction. [Citations.]  The change did not, however, alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily 'know and share the murderous intent of the actual perpetrator.'  [Citations.]  One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, review granted Mar. 18, 2020, S260598.)

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶]  (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Under section 1170.95, subdivision (b)(1), the petition must include: "A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a)"; "[t]he superior court case number and year of the petitioner's conviction"; and "[w]hether the petitioner requests the appointment of counsel."

### C.     Defendant's Petition

In 2019 defendant filed a form petition for resentencing under section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, and that he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine. According to the petition, he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel. The prosecution filed a request for an extension of time to file a response to the petition.

In an ex parte order, the trial court denied the petition. In particular, the court found: "On January 5, 2007, Defendant was convicted of Penal Code section 187, murder in the first degree; three counts of Penal Code sections 664/187, attempted murder; and Penal Code section 186.22, criminal street gang participation. Defendant was tried with his Co-Defendant, David Lewis. As to the murder conviction, the jury found to be true that Defendant, Jimmie [*sic*] Lee Benson, acted for the benefit of a criminal street gang, Penal Code section 190.2(a)(22); that Defendant, Jimmie [*sic*] Lee Benson, personally discharged a firearm, Penal Code section 12022.53(c); that Defendant personally used a firearm Penal Code section 12022.5(a) and that a principal discharged a firearm.

"Defendant was sentenced to life without the possibility of parole and four indeterminate terms of 25 years to life plus a determinate term of 42 years 4 months.

5

"The court has reviewed the Petition, the Remittitur from the Third District Court of Appeal, the jury instructions and Abstract of Judgment. The trial was held before Hon. George J. Abdallah, Jr., Judge of the Superior Court.

"The evidence revealed that Defendant was a member of the North Side Gangster Crips criminal street gang. Defendant and several fellow gang members attended a birthday party at a private home in Stockton, California in the fall of 2004. After the party was ended by the home owner, Defendant and his fellow gang members remained in the nearby street, confronted and shot the homeowner and shot other guests while they exchanged gunfire with rival gang members. A young man, [the victim], was a party guest with his girlfriend. [The victim] was shot in the head. Defendant testified he was armed but only shot 'in the air' 'to clear the way.'

"The jury was instructed pursuant to CALCRIM [No.] 521 that 'The Defendant, Jimmie [*sic*] Lee Benson, has been prosecuted under the theory of aider and abettor only.' The jury was also instructed pursuant to CALCRIM [No.] 403: aiding and abetting intended crime. One who aids and abets must share the specific intent of the perpetrator, *People v. Beeman* (1984) 35 Cal.3d 547, 560. As set forth in CALCRIM [No.] 521, the specific intent element for the crime of murder in the first degree is the intent to kill. Defendant, Jimmie [*sic*] Lee Benson, was convicted of the crime of Murder in the first degree. As a matter of law, Defendant, Jimmie [*sic*] Lee Benson, has failed to make a prima facie showing that he falls within the provisions of Penal Code section 1170.95. Defendant's Petition is DENIED."

DISCUSSION

Defendant contends the trial court erred by summarily denying his petition, even though he properly alleged a prima facie basis for relief because his conviction was premised on a natural and probable consequences theory. Thus, the court was obligated to appoint counsel and allow his petition to proceed.

6

Both parties agree that the process contemplated in section 1170.95 includes two separate prima facie determinations. In the first determination, the trial court must review a defendant's petition and, reviewing the face of the petition in addition to other "readily ascertainable" materials (§ 1170.95, subd. (b)(2)), decide whether the petition falls within the purview of the section. If the petition survives the screening, and the defendant requests counsel, the trial court must appoint counsel and receive briefing on defendant's eligibility for relief. The court then makes a second determination whether the petitioner has made a prima facie showing that they are entitled to relief. This understanding tracks the language of the statute and is in accordance with recent case law construing the statute. (§ 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 332, review granted Mar. 18, 2020, S260493; *People v. Lewis, supra*, 43 Cal.App.5th at pp. 1139-1140, rev. granted.)

The parties disagree whether defendant stated an initial prima facie case in his petition. Defendant argues the trial court's decision denying his petition, which found he did not state a prima facie case because the jury instructions read at trial allowed for a theory of direct aider or abettor liability, was incorrect. The People defend the trial court's decision and contend defendant was ineligible for relief as a matter of law. We agree with defendant.

A court's initial prima facie review under subdivision (c) "is a preliminary review of statutory eligibility for resentencing." (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 329, rev. granted.) "The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid.*)

Here, defendant stated in his declaration that he was convicted of murder under the natural and probable consequences doctrine, which would not have supported a murder conviction after the changes to sections 188 and 189. The record of conviction supports this statement. As defendant notes, our opinion in the direct appeal of his convictions

7

characterized the prosecution theory of the case as one involving the natural and probable consequences doctrine. (*Benson, supra*, C055253 [at p. 50].) Although, as the People note, the trial court read jury instructions related to direct aider/abettor liability, the court also instructed the jury on the natural and probable consequences doctrine. Thus, the jury instructions do not conclusively establish the jury could only have found defendant guilty as a direct aider or abettor, rather than through the natural and probable consequences doctrine. While it is possible that defendant was convicted on a direct aider/abettor theory of liability, the mere existence of that possibility does not make defendant ineligible for relief as a matter of law. Construing the facts in favor of defendant, we cannot conclude as a matter of law that defendant was convicted purely on a direct aider/abettor theory of liability, rather than under the natural and probable consequences doctrine.

Nor are we persuaded by the argument that the jury's true finding on the gang special circumstances enhancement under section 190.2, subdivision (a)(22), disqualifies defendant from stating a prima facie case. This argument is premised on the contention that the enhancement can apply only to a defendant who possesses the intent to kill. As with the argument above, our prior opinion in defendant's case forecloses this contention. (*Benson, supra*, C055253 [at p. 60].)

We conclude the trial court erred in summarily denying defendant's petition for resentencing.

DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed and the case is remanded for the trial court to appoint counsel and determine whether defendant is entitled to relief under section 1170.95.


                                                    /s/
                                           RAYE, P. J.


We concur:


     /s/
ROBIE, J.


     /s/
MAURO, J.